JOHN ULIN (SBN 165524)
Email: julin@troygould.com
AMY STALLING (SBN 316353)
Email: astalling@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone:   (310) 553-4441
Facsimile:   (310) 201-4746

Attorneys for Plaintiff
MAFFICK LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MAFFICK LLC, a Delaware limited liability company, | Case No. |
|---|---|
| Plaintiff, | **DECLARATION OF JOHN ULIN IN SUPPORT OF *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |
| v. | |
| FACEBOOK, INC., a Delaware corporation, and Does 1-10, inclusive, | |
| Defendants. | |

I, JOHN ULIN, declare as follows:

1.     I am an attorney licensed to practice law in the state and federal courts of this State.  I represent Plaintiff Maffick, LLC ("Maffick") in the above-captioned matter.  I make the following statements on my own personal knowledge, except as to those matters alleged upon information and belief, and if called to testify thereto, I would do so competently.

2.     On June 30, 2020, I wrote a letter to Facebook's "Page Transparency Department" demanding that Facebook immediately remove the notice it had posted on Maffick's three Facebook pages, identifying them as "Russia state-controlled media" and describing in detail that the application of Facebook's own published criteria for identifying state-controlled media entities ("SCMEs") did not support the

**TroyGould PC**

-  0.0

designation as it pertained to Maffick.  I asked for a response to my letter by July 7, 2020, but Facebook did not respond by that date.  Attached hereto as "Exhibit 1" is a true and correct copy of that correspondence.

3.     On July 8, 2020, I sent a follow email to Facebook, re-transmitting my letter of June 30, 2020, and reiterating that the false designation of Maffick as an SCME was damaging Maffick's reputation and threatening immediate and irreparable harm to its prospective business relationships and opportunities.  I asked for a response by July 15, 2020.  Attached hereto as "Exhibit 2" is a true and correct copy of that correspondence.

4.     On July 14, 2020, having not gotten any response to my June 8 email, I reached out to a contact in Facebook's legal department.  On July 15, 2020, I received an email from an attorney at Facebook, informing me that a response to my correspondence would be forthcoming.  Later that day, attorney Jonathan Blavin contacted me, and advised that he represented Facebook, was in receipt of my June 30 and July 8 correspondence, and would respond shortly.

5.     On July 20, 2020, Mr. Blavin sent me a letter providing Facebook's position that it had labeled Maffick an state-controlled media entity because it did not have sufficient evidence of protections in place to assure Maffick's editorial independence from the Russian government.  Mr. Blavin suggested that Maffick continue to participate in its appeal process.  Attached hereto as "Exhibit 3" is a true and correct copy of that correspondence.

6.     On July 21, 2020, I responded to Mr. Blavin.  I pointed out Maffick's concerns with the efficacy of Facebook's appeal process based on past experiences in other contexts, and indicated Maffick's willingness to proceed through the appeal process if Facebook would (i) remove the false designation while the appeal was pending, (ii) identify a specific person as Maffick's point of contact for the appeal, and, (iii) commit to a set time period for resolution of the appeal.  Attached hereto as "Exhibit 4" is a true and correct copy of that correspondence.

**TroyGould**
**PC**

7.      Mr. Blavin responded on the afternoon of July 24, 2020 declining to agree to any of the terms proposed by Maffick with regard to the appeal process. A true and correct copy of that correspondence is attached hereto as "Exhibit 5."

8.      On July 29, 2020, Maffick filed its Complaint against Facebook.   A true and correct copy of the Complaint is attached hereto as "Exhibit 6."

9.      On July 29, 2020, I emailed attorney Blavin and transmitted to him a courtesy copy of the Complaint and a copy of Maffick's Ex Parte Application for a Temporary Restraining Order and for an Order to Show Cause Re Preliminary Injunction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of July, 2020, at Los Angeles, California.


*/s/ John Ulin*
_____
JOHN ULIN

TroyGould
PC

- 0.0

# EXHIBIT 1



TROYGOULD PC

1801 Century Park East, 16th Floor

Los Angeles, California 90067-2367

**Tel** (310) 553-4441  |  **Fax** (310) 201-4746

www.troygould.com

File No.

John Ulin • (310) 789-1224 • julin@troygould.com

June 30, 2020

**BY ELECTRONIC MAIL**

Page Transparency
Facebook, Inc.
1 Hacker Way
Menlo Park, California 94022
pagetransparency@fb.com

> Re:    Removal of False "Russia State-Controlled Media" Designation From
>        Maffick LLC Facebook Pages

To the Facebook Page Transparency Department:

This firm represents Maffick LLC ("Maffick"), which owns and operates three Facebook pages – In the Now, Waste Ed, and Soapbox. Earlier this month, Facebook posted a notice in the "Page Transparency" section of each of these pages, indicating that they are "Russia state-controlled media" (the "Notice"). As my client informed Facebook before the Notice was posted, that statement is false. All three pages are owned and controlled by Maffick, which is a Delaware LLC whose sole member is a United States citizen, who lives and works in Los Angeles. Maffick is not owned or controlled by any Russian state entity. In addition to being false, the Notice also threatens to cause immediate and irreparable harm to Maffick's reputation and the viability of several current business development opportunities. We therefore demand that Facebook immediately remove the Notice from all of Maffick's Facebook pages.

Facebook first contacted Maffick late last month, threatening to take down the In the Now, Waste Ed and Soapbox pages, among others, if Maffick did not post a legend indicating that each page was a "brand of Maffick Media, which is owned and operated by Ruptly GmbH, a subsidiary of RT News." Maffick responded on three separate occasions, informing Facebook that Maffick is not owned by Ruptly GmbH and instead has been owned and operated by the Delaware LLC identified in the paragraph above since mid-2019. Maffick informed Facebook that posting the language that you demanded would therefore be communicating false information to the public. My client offered to provide evidence of its current ownership, but Facebook never replied to Maffick's communications before you unilaterally decided to falsely label In the Now, Waste Ed, and Soapbox as "Russia state-controlled media."

Maffick adamantly disputes the designation of any of its operations as "Russia state-controlled media." Indeed, that designation is wholly unsupported by any of the



Page Transparency
June 30, 2020
Page 2

factors that Facebook publicly states it considers in determining whether publishers are "state-controlled." Three weeks ago, Facebook publicly outlined six "policy criteria" it has developed "to determine whether a publisher is wholly or partially under the editorial control of a government" (the "Facebook Criteria"). Not one of the Facebook Criteria supports a finding that Maffick or its Facebook pages are "Russia state-controlled media." To illustrate, we review the criteria in order.

- **Mission statement, mandate, and/or public reporting on how the organization defines and accomplishes its journalistic mission**

Maffick's mission statement is laid out in the Maffick Optimization Policy ("MOP"). MOP is a commercially sensitive and confidential document, but Maffick would be willing to share it with Facebook, subject to appropriate protections against its disclosure to third parties. Maffick is a social media company, not a news outlet. Its focus is social media optimization and brand development. Maffick is intentionally non-partisan and does not seek to represent any one point of view. As MOP makes clear, Maffick operates with the understanding that its mission is "bigger than 'both sides of the story.' We know there are more sides than two."

Maffick operates three social media channels – "In the Now" is directed toward a community of mindful media consumers around important, curious and purpose-driven content. It tells stories about social justice, everyday heroism, acts of kindness and doing good where it matters most. "Waste Ed" focuses on environmental issues and sustainability both in the content it delivers and the companies and brands promoted on the channel. "Soapbox" delivers a wide range of political opinion and seeks to expose hypocrisy across the political spectrum.

Nothing in Maffick's mission is directed by any Russian state official or entity or intended to advance the mission of any government or political party or point of view.

- **Ownership structure such as information on owners, stakeholders, board members, management, government appointees in leadership positions, and disclosure of direct or indirect ownership by entities or individuals holding elected office**

Maffick, which owns and operates the In the Now, Soapbox and Waste Ed Facebook pages, is a Delaware LLC, whose sole member is Anissa Naouai, a United States citizen, who lives and works in Los Angeles. No government officials, whether elected or appointed, from Russia or any other country, hold any direct or indirect ownership interest



Page Transparency
June 30, 2020
Page 3

in Maffick.  Nor do Russian government entities, officials or appointees hold any positions in management or corporate governance at Maffick.  Maffick can provide documentation of its ownership.

- **Editorial guidelines such as transparency around sources of content and independence and diversity of sources**

Maffick outlines its editorial policy in MOP.  While Maffick is not a news outlet, it adheres to journalistic standards in its publishing, with a particular emphasis on the factors identified in the Facebook Criteria – transparency around sources and independence and diversity of sources.  Maffick's editorial policy provides that:

All editorial decisions at Maffick are rooted in Maffick Optimization Policy, an internal company document written by Anissa Naouai and Amanda Getty, that outlines brand mission and best practices for the optimization of visual media.

We fact check to protect against disseminating misinformation, including verifying original videos for both copyright and licensing purposes, and accountability. In the case of conflicting reports, we base the choice to run a story on the availability of 3 independent corroborations. We identify archive footage clearly to avoid audience confusion as to when an event took place.

We are not a news outlet, and we don't identify our work as journalistic, but we do uphold common journalistic ethical standards in our publishing. Within reason given our platform, we cite both information and media sources on screen and/or in our social copy. We cite all statistics and hard facts on which an opinion piece is based.

All Maffick channels are regulated by these guidelines.

- **Information about newsroom leadership and staff**

Maffick has built a global production team based in Los Angeles, Berlin and Moscow.  The final authority on editorial matters rests with Maffick's leadership in Los Angeles, specifically Anissa Naouai and Amanda Getty.  No Russian state entities or officials have any input into editorial decisions at Maffick or any of their social media channels.  All of Maffick's employees are employed and paid by Maffick and report to Maffick's management.

- **Sources of funding and revenue**



Page Transparency
June 30, 2020
Page 4

Maffick's sources of funding and revenues are monetization of media content, advertising for branded content that is promoted on its social media channels and the resale of original content that is created for its channels.

- **Governance and accountability mechanisms such as correctional policies, procedure for complaints, external assessments and oversight board**

Maffick's MOP contains an express policy on corrections:

We acknowledge our mistakes when we make them and we're eager to learn from them. If we get it wrong, we take it down. Period. And we have systems in place to ensure that the chances of us getting it wrong are slim. In the event of a harmless mistake that can't be changed immediately (like a typo in a video), we leave the post active until engagement dies down, and then we expire it. If needed we add updates to comments/descriptions to ensure we're providing the best information we have. We have not had an instance in which we're required to publish a statement, but in the event that we do, we will make it clear publicly we understand where we went wrong.

While there have not been external assessments of Maffick's editorial policies or accountability procedures, it bears emphasis that Maffick has won several awards for excellence in digital media. Digiday named Maffick its "Media Agency of the Year" for 2019. Maffick also earned the 2019 Shorty Award for Best Overall Facebook Presence and the 2019 Lovie Award for Best Viral Video. More recently, Maffick's film about "fast fashion" has been selected for the LA Fashion Film Festival and the United Nations Association Film Festival.

In sum, none of the Facebook Criteria suggest Russian state control of Maffick or any of its social media channels. The reason for that is obvious: Maffick is not "Russia state-controlled media." Indeed, Russian governmental entities have no involvement in editorial decisions at Maffick, which are made independently by Maffick's editorial team, under the leadership of its management in Los Angeles.

Because Maffick is not "state-controlled media," and Facebook's own criteria confirm that to be true, we ask that Facebook remove the "Russia state-controlled media" notice from the In the Now, Waste Ed, and Soapbox Facebook pages by no later than July 7, 2020. As outlined above, that Notice is false and it is causing Maffick immediate and irreparable harm both to its reputation, including as reflected in the comments to numerous posts on Maffick's pages since the Notice was first posted, and to prospective business



Page Transparency
June 30, 2020
Page 5

relationships and opportunities.  To put it simply, Facebook's false and very public
assertion that Maffick is "Russia state-controlled" threatens Maffick's ability to monetize
its content and to build relationships with brand owners that it seeks to promote through its
websites.

For all of these reasons, please be advised that, if the Notice is not removed from
Maffick's Facebook pages by July 7, 2020, Maffick reserves its rights to take all steps
necessary to preserve its reputation and to protect itself from irreparable damage to its
business opportunities and relationships and other damages.

Sincerely,

John C. Ulin

cc:    Nathaniel Gleicher (ngleicher@fb.com)
       Jessica Oda (jessicaoda@fb.com)
       Semjon Rens (semjonrens@fb.com)
       IP (ip@fb.com)

# EXHIBIT 2

- 0.0

**Stalling, Amy N.**

---

**Subject:**  SECOND REQUEST: Removal of False "Russia State-Controlled Media" Designation From Maffick LLC Facebook Pages
**Attachments:**  2020-06-30 LT Facebook re Removal of False Designation.pdf

---

**From:** Ulin, John C.
**Sent:** Wednesday, July 8, 2020 5:55 PM
**To:** 'pagetransparency@fb.com' <pagetransparency@fb.com>
**Cc:** 'ngleicher@fb.com' <ngleicher@fb.com>; 'jessicaoda@fb.com' <jessicaoda@fb.com>; 'semjonrens@fb.com' <semjonrens@fb.com>; 'ip@fb.com' <ip@fb.com>
**Subject:** SECOND REQUEST: Removal of False "Russia State-Controlled Media" Designation From Maffick LLC Facebook Pages

Good evening:

A week ago, I wrote to you on behalf of my client at Maffick LLC concerning Facebook's falsely designating three of their Facebook pages (Waste Ed, Soapbox, and In the Now) as "Russia state-controlled media." (Another copy of my June 30, 2020 letter is attached to this email.) As Maffick told Facebook in May and we reiterated in our June 30 letter, that is a false statement. As our letter explains, Maffick is neither owned nor editorially controlled by the Russian government or any Russian government agency or official. Nor do any of Facebook's own criteria for identifying "state-controlled media" support the conclusion that Maffick is state-controlled. To the contrary, Maffick is owned and operated by a Delaware LLC and is controlled editorially by United States citizens, who live and work in Los Angeles. I note that Reuters reported that Mr. Gleicher said Facebook would not designate U.S.-based organizations as "state-controlled," yet you have seen fit to designate Maffick, which is U.S.-based, even though the designation is clearly wrong and you were so informed before labeling Maffick's Facebook pages.

In our letter, we demanded that Facebook remove the false "state-controlled media" designations from Maffick's pages by no later than July 7, 2020, which was yesterday. We have heard no response from you. Indeed, despite four separate communications refuting your assertion that Maffick is "Russia state-controlled media," Maffick has heard nothing at all from Facebook since you contacted my client on this subject in mid-May. Maffick does not want to escalate this dispute, but we need to hear from you. Facebook's false designations of Maffick's pages as "Russia state-controlled media" continue to damage Maffick's reputation and threaten immediate and irreparable harm to prospective business relationships and opportunities. Maffick remains willing to negotiate a fair resolution to this dispute, but if we have not heard from you by July 15, 2020, we will have no choice but to consider all available avenues, including litigation against Facebook, to protect Maffick's interests. We hope it will not come to that. Please contact me as soon as possible so that we can work together to resolve this matter.

Sincerely,

John C. Ulin



**John C. Ulin**
Member
(310) 789-1224 - Fax (310) 201-4746
julin@troygould.com
TroyGould PC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067-2367
www.troygould.com

**Notice to Recipient**: This e-mail is meant only for the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of the e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and delete this message from your system. Thank you in advance for your cooperation.

---

**From:** Hamilton, Rachel E. <RHamilton@troygould.com>
**Sent:** Tuesday, June 30, 2020 4:46 PM
**To:** pagetransparency@fb.com
**Cc:** Ulin, John C. <JUlin@troygould.com>; ngleicher@fb.com; jessicaoda@fb.com; semjonrens@fb.com; ip@fb.com
**Subject:** Removal of False "Russia State-Controlled Media" Designation From Maffick LLC Facebook Pages

Please see attached correspondence of today's date from John C. Ulin.

Thank you.



**Rachel E. Hamilton**
Legal Secretary
(310) 789-1317 - Fax (310) 201-4746
rhamilton@troygould.com
TroyGould PC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067-2367
www.troygould.com

**Notice to Recipient**: This e-mail is meant only for the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of the e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and delete this message from your system. Thank you in advance for your cooperation.

# EXHIBIT 3

- 0.0

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GEORGE T. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR.*
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK H. EPSTEIN
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
KATHLEEN M. M*DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA*
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
ROSEMARIE T. RING
MELINDA EADES LEMOINE
SETH GOLDMAN

GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
KATHERINE A. MACDONALD
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG*
MARK R. YOHALEM
CHAD GOLDER*
GINGER D. ANDERS*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
GEORGE CLAYTON FATHEREE, III
KELLY L.C. KRIEBS
JEREMY A. LAWRENCE
LAURA K. LIN
ACHYUT J. PHADKE
ZACHARY M. BRIERS
JENNIFER M. BRODER
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
ERIC P. TUTTLE
JOHN W. BERRY
RAYMOND N. BACON
JORDAN D. SEGALL
DAVID S. HONG
JONATHAN KRAVIS*
WESLEY T.L. BURRELL
KAREN A. LORANG
CRAIG JENNINGS LAVOIE
JOSHUA S. MELTZER
ADAM P. BARRY
JENNIFER L. BRYANT
ANDREW CATH RUBENSTEIN
HANNAH L. DUBINA

NICHOLAS D. FRAM
JOHN L. SCHWAB
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
EMILY CURRAN-HUBERTY
JORDAN X. NAVARRETTE
JOHN B. MAJOR
LAUREN C. BARNETT
C. HUNTER HAYES
TREVOR N. TEMPLETON
SKYLAR B. GROVE
ELIZABETH R. DYER
SARAH S. LEE
ELIZABETH A. KIM
LAURA M. LOPEZ
MICHAEL C. BAKER
ADELE M. EL-KHOURI*
COLIN A. DEVINE
DANE P. SHIKMAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN
ALLISON M. DAY
GIOVANNI S. SAARMAN GONZÁLEZ
JONATHAN S. MELTZER*
LAUREN M. HARDING
NEFI D. ACOSTA
STEPHANIE G. HERRERA
TERESA REED DIPPO
DANIEL BENYAMIN
SARA A. MCDERMOTT
J. MAX ROSEN
RACHEL G. MILLER-ZIEGLER*
ALISON F. KAROL SIGURDSSON
ANNE A. COLLEY
GRAHAM B. COLE
KATHERINE G. INCANTALUPO
DAVID P. THORESON
NICHOLAS M. AXELROD
DAVID M. MOREHEAD
ANDRE W. BREWSTER III
TERRA D. LAUGHTON
ROWLEY J. RICE

JEREMY S. KREISBERG*
JOHN D. MAHER
GINA F. ELLIOTT
BRANDON R. TEACHOUT
SEGUN I. BABATUNDE II
CARSON C. ZHENG
LUCAS J. ARNAZ
USHA CHILUKURI VANCE
BRIAN J. SPRINGER
TYLER HILTON
VINCENT LING
ALEXANDER S. GORIN
BRENDAN GANTS*
MARKUS BRAZILL
MARI T. SAIGAL
LAUREN E. ROSS*
ZOE BEDELL*
BENJAMIN G. BAROKH
ABE DYK
MICHELE C. NIELSEN
MARIANNA MAO
MEGAN MCCREADIE
OMAR H. NOURELDIN
STEPHEN MYLAS
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
NATALIE KARL
BRANDON MARTINEZ
ANTHONY J. RAMIREZ
ERINMA E. KALU
ANDREW LEWIS
CARRIE C. LITTEN
BEAU C. TREMITIERE
ESTALYN S. MARQUIS
JAMES R. SALZMANN
ELIZABETH DOUGLAS

OF COUNSEL

ROBERT K. JOHNSON
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
BRAD SCHNEIDER
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI
ADAM R. LAWTON
MATTHEW S. SCHONHOLZ
MICHAEL E. GREANEY

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC.
ALL OTHERS ADMITTED IN CA

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

———

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

———

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100

July 20, 2020

Writer's Direct Contact
(415) 512-4011
jonathan.blavin@mto.com

**VIA ELECTRONIC MAIL ONLY**

John C. Ulin, Esq.
TroyGould PC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067-2367
julin@troygould.com

Re:     Your Letter of June 30, 2020 on behalf of Maffick, LLC

Dear Mr. Ulin:

We are outside counsel for Facebook, and write to respond to your letter of June 30th, 2020 to Facebook on behalf of Maffick LLC ("Maffick") concerning Facebook's application of its state-controlled media entity ("SCME") label to Maffick's Facebook pages.

As you are aware, on June 4, 2020, Facebook began rolling out its SCME label as a new measure to provide users with additional transparency concerning the sources of information they access on Facebook's services.  As Facebook's June 4 Newsroom Post explains,[1] the SCME label reflects Facebook's assessment, based on its own policy criteria, that these publishers combine the influence of a media organization with the backing of a State.  As set out in Facebook's Newsroom Post and Help Center, Facebook defines SCMEs as media outlets that Facebook considers to be wholly or partially under the editorial control of governments, based on a set of criteria developed by Facebook in consultation with over 65 international experts.

---

[1] https://about.fb.com/news/2020/06/labeling-state-controlled-media/ ("Newsroom Post").

MUNGER, TOLLES & OLSON LLP

July 20, 2020
Page 2


These criteria that Facebook weighs include the media outlet's ownership, governance, sources of funding, and processes that Facebook believes ensure editorial independence.  Facebook will also consult open-source research conducted by academics and leading experts.

        As the June 4 Newsroom Post explains, and as reflected in the above-referenced policy criteria the company weighs, Facebook's definition of a state-controlled media entity extends beyond simply assessing financial control or ownership and also considers sources of funding and the degree of editorial control exerted by a government.  The fact that a publisher may not necessarily be financially controlled or owned by a government does not preclude application of Facebook's SCME label.  Facebook has applied these policy criteria to Maffick's case after conducting a careful review of the information gathered by Facebook concerning Maffick. Facebook labeled Maffick an SCME because Facebook believed that it did not have sufficient evidence of protections in place to assure Maffick's editorial independence from the Russian government.[2]

        As you are aware, Facebook provides an appeal process for entities labeled by Facebook as SCMEs that believe they have been labeled in error.[3]  We understand that Maffick has submitted certain documentation through this appeals process.  From Facebook's review of these materials, they lack both the reliability and formality Facebook requires as part of the appeals process.  For example, Maffick's submitted documents make certain assertions regarding additional sources of revenue and governance of its organization and board structure, but the materials do not substantiate those assertions, and Facebook has no way to verify them. Facebook encourages Maffick to submit additional materials that address these issues.

        Facebook prefers to reach an amicable resolution of Maffick's concerns through the above-referenced review procedures.  Nevertheless, Facebook is prepared to defend, in court, its right to free speech under the U.S. and California Constitutions.  *E.g., ZL Techs., Inc. v. Gartner, Inc.,* 709 F. Supp. 2d 789, 800–01 (N.D. Cal. 2010), *aff'd sub nom.,* 433 F. App'x 547 (9th Cir. 2011) (company's "rating reflects Gartner's *opinion* as to whether the company is a Leader, Visionary, Challenger, or Niche Player" and is protected under First Amendment) (emphasis in original*); Forsyth v. Motion Picture Ass'n of Am., Inc.*, 2016 WL 6650059, at *3–4 (N.D. Cal. Nov. 10, 2016) (defendant "holds First Amendment rights to express its opinions that are reflected in the [parental caution] ratings system" which "precludes the basic relief [plaintiff] seeks in this action—forcing [defendant] to express different or additional opinions"). California's anti-SLAPP statute further protects Facebook's right to make any "writing made in a

---

[2] Your June 30, 2020 letter states that Maffick "is not owned by Ruptly GMbH and instead has been owned and operated by [a] Delaware LLC … since mid-2019." As you acknowledge, before mid-2019, Maffick's majority stakeholder was Ruptly GMbH, a subsidiary of Russia state-controlled media organization RT.

[3] https://www.facebook.com/help/767411547028573. This Help Page provides a link that Page administrators may use to submit appeals.

MUNGER, TOLLES & OLSON LLP

July 20, 2020
Page 3


… public forum in connection with an issue of public interest," and "any other conduct in furtherance of … the constitutional right of free speech in connection with a public issue or an issue of public interest."  Cal. Code Civ. Proc. § 415.16(e).  As you're likely aware, Maffick's relationship to the Russian government has been reported upon in the press as a matter of public interest.[4]  Facebook reserves the right to assert these and other rights and remedies.

      Should you have any questions or if you would like to discuss further, please do not hesitate to contact me.



      Sincerely,

      */s/ Jonathan H. Blavin*

      Jonathan H. Blavin

---

[4] *See, e.g.,* https://www.cnn.com/2019/02/15/tech/russia-facebook-viral-videos/index.html.

# EXHIBIT 4

- 0.0



**T R O Y G O U L D** PC

1801 Century Park East, 16th Floor
Los Angeles, California 90067-2367
**Tel** (310) 553-4441 | **Fax** (310) 201-4746
www.troygould.com

File No. 09990-1024

**John Ulin** • (310) 789-1224 • julin@troygould.com

July 21, 2020

**BY ELECTRONIC MAIL**

Jonathan H. Blavin, Esq.
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2367
Jonathan.Blavin@mto.com

> Re:   Use of Facebook Appeal Process to Resolve Dispute Over False Designation
>        of Maffick LLC as "Russia State-Controlled Media"

Dear Jonathan:

We are in receipt of your letter of yesterday's date concerning Facebook's false designation of three Maffick LLC Facebook pages as "Russia State-Controlled Media."  You expressed Facebook's preference to resolve its dispute with Maffick over the state controlled media entity ("SCME") designations through its internal appeal process and noted what you contend are deficiencies in the materials that Maffick submitted in support of its pending appeal, which was filed on June 30.

Maffick has concerns about the efficacy of Facebook's appeal process, based on its past experiences in other contexts.  For example, in 2019 Facebook incorrectly designated a video on Maffick's "Waste Ed" page as "graphic violence" in violation of Facebook's community standards.  The video is about how remote villages in Kenya are now benefiting from solar-powered water processing stations and children are no longer being poisoned by contaminated water sources and does not depict any violence.  Maffick appealed that designation, but never received an explanation of what it did wrong.  Similarly, Facebook has directed payment of Maffick's monetization invoices to an incorrect payee for the past year, since Maffick changed its payout settings in the summer of 2019.  Maffick has written several times to explain the problem, but Facebook has not corrected it.

Given the seriousness of the SCME designation and its effect on Maffick's reputation and its business relationships and opportunities, my client is willing to resolve this matter through the Facebook appeal process under three conditions.  First, Facebook will remove the SCME designation from Maffick's pages during the pendency of the appeal.  Second, Facebook will identify a specific person as Maffick's point of contact for the appeal.  Third, Facebook will commit to a set time period for resolution of the appeal.  We expect the appeal to be an efficient process, in which Facebook and Maffick



Jonathan H. Blavin, Esq.
July 21, 2020
Page 2

communicate about what information and documents are needed to establish Maffick's
status and Maffick is afforded an opportunity to cure any deficiencies Facebook
may perceive in what is presented.  We would also ask that Facebook agree that, should
litigation ensue in the aftermath of the appeal, you will not argue that the time between
now and the conclusion of the appeal constitutes delay that would affect Maffick's ability
to obtain injunctive relief or other remedies.

   In short, we share Facebook's desire to reach a voluntary resolution of this dispute,
but need to take certain precautions to protect Maffick's interests, if we are to pursue the
informal process you have suggested.  Please let me know as soon as possible whether
these proposals are acceptable to Facebook.

     Sincerley,

     John. C. Ulin

# EXHIBIT 5

- 0.0

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
GARY B. LERMAN
GEORGE P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR.*
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
KATHLEEN M. M°DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA*
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
ROSEMARIE T. RING
MELINDA EADES LEMOINE
SETH GOLDMAN

GRANT A. DAVIS-DENNY
JONATHAN M. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
MARTHA A. MACDONALD
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG*
MARK R. YOHALEM
CHAD GOLDER*
GINGER D. ANDERS*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
GEORGE CLAYTON FATHEREE, III
KELLY L.C. KRIEBS
JEREMY A. LAWRENCE
LAURA L. LIN
ACHYUT J. PHADKE
ZACHARY M. BRIERS
JENNIFER M. BRODER
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
ERIC P. TUTTLE
JOHN W. BERRY
RAYMON S. BACON
JORDAN D. SEGALL
DAVID S. HONG
JONATHAN KRAVIS*
WESLEY T.L. BURRELL
KAREN A. LORANG
CRAIG JENNINGS LAVOIE
JOSHUA S. MELTZER
ADAM P. BARRY
JENNIFER L. BRYANT
ANDREW CATH RUBENSTEIN
HANNAH L. DUBINA

NICHOLAS D. FRAM
JOHN L. SCHWAB
ASHLEY D. KAPLAN
JESSICA RECH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
EMILY CURRAN-HUBERTY
JORDAN X. NAVARRETTE
JOHN B. MAJOR
LAUREN C. BARNETT
C. HUNTER HAYES
TREVOR N. TEMPLETON
SKYLAR B. GROVE
ELIZABETH R. DYER
SARAH S. LEE
ELIZABETH A. KIM
LAURA M. LOPEZ
MICHAEL C. BAKER
ADELE M. EL-KHOURI*
COLIN A. DEVINE
DANE P. SHIKMAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN
ALLISON M. DAY
GIOVANNI S. SAARMAN GONZÁLEZ
JONATHAN S. MEITZER*
LAUREN M. HARDING
NEFI D. ACOSTA
STEPHANIE G. HERRERA
TERESA REED DIPPO
DANIEL BENYAMIN
SARA A. McDERMOTT
J. MAX ROSEN
RACHEL G. MILLER-ZIEGLER*
ALISON F. KAROL SIGURDSSON
ANNE K. CONLEY
GRAHAM B. COLE
KATHERINE G. INCANTALUPO
DAVID P. THORESON
NICHOLAS M. AXELROD
DAVID W. MORESHEAD
ANDRE W. BREWSTER III
TERRA D. LAUGHTON
ROWLEY J. RICE

JEREMY S. KREISBERG*
JOHN D. MAHER
GINA F. ELLIOTT
BRANDON R. TEACHOUT
SEGUN I. BABATUNDE II
CARSON C. ZHENG
LUCAS J. ARNAZ
USHA CHILUKURI VANCE
BRIAN J. SPRINGER
TYLER HILTON
VINCENT LING
ALEXANDER S. GORIN
BRENDAN GANTS*
MARKUS BRAZILL
MARI T. SAIGAL
LAUREN E. ROSS*
ZOE BEDELL*
BENJAMIN G. BAROKH
ABE DYK
MICHELE C. NIELSEN
MARIANNA MAO
MEGAN MCCREADIE
OMAR H. NOURELDIN
STEPHEN HYLAS
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
NATALIE KARL
BRANDON MARTINEZ
ANTHONY J. RAMIREZ
ERINMA E. KALU
ANDREW LEWIS
CARRIE C. LITTEN
BEAU C. TREMITIERE
ESTALYN S. MARQUIS
JAMES R. SALZMANN
ELIZABETH DOUGLAS

OF COUNSEL

ROBERT K. JOHNSON
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
BRAD SCHNEIDER
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI
ADAM R. LAWTON
MATTHEW S. SCHONHOLZ
MICHAEL E. GREANEY

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC.
ALL OTHERS ADMITTED IN CA

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

_____

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

_____

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100

July 24, 2020

Writer's Direct Contact
(415) 512-4011
jonathan.blavin@mto.com

**VIA ELECTRONIC MAIL ONLY**

John C. Ulin, Esq.
TroyGould PC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067-2367
julin@troygould.com

      Re:    Your Letter of July 21, 2020 on behalf of Maffick, LLC

Dear Mr. Ulin:

      This letter responds to your letter of July 21, 2020.

      Facebook appreciates Maffick's interest in further pursuing Facebook's formal appeal process for Facebook's state-controlled media entity ("SCME") label.

      Facebook, however, is not in a position to remove the SCME designation during the pendency of Maffick's appeal. Doing so would be contrary to Facebook's general appeal policy, and would be treating Maffick in a different way than other parties pursuing appeals. Nor does Facebook presently have a substantive basis for removing the label. Furthermore, because Facebook's formal appeal procedure is designed to ensure that the SCME labeling process is fair and equitable, Facebook is not able to provide a specific point of contact for the appeal. The appeal process is designed to be evaluated by neutral teams addressing the criteria Facebook has adopted. Finally, Facebook cannot commit to a set time period for resolving the appeal, not least because Facebook has no information about the types of materials that Maffick would seek to

MUNGER, TOLLES & OLSON LLP

Page 2

submit and is therefore not in a position to estimate how long it would take to assess Maffick's appeal.

Facebook continues to encourage Maffick to submit more substantiated materials through the appeal process.  As we explained in our letter of July 20, 2020, the materials that Maffick submitted on June 30 lack the indicia of reliability and formality that Facebook requires as part of the appeal process.  For example, Maffick did not submit documents showing sources of funding, the organizational structure of Maffick's board, or the processes it employs to ensure editorial independence from state governments.  Documents that simply reiterate Maffick's position that it does not meet Facebook's criteria for a state-controlled media entity are not sufficient evidence under that criteria.   Facebook's Help Center also provides examples of the types of evidence that Facebook considers in determining editorial control.[1]

We hope that you find this information useful.  Should you have any questions, please do not hesitate to contact me.

Sincerely,

*/s/ Jonathan H. Blavin*

Jonathan H. Blavin

---

[1] https://www.facebook.com/help/767411547028573.

# EXHIBIT 6

- 0.0

**Complaints and Other Initiating Documents**
3:20-cv-05222 Maffick LLC v. Facebook Inc.

### U.S. District Court

### California Northern District

## Notice of Electronic Filing

The following transaction was entered by Stalling, Amy on 7/29/2020 at 10:30 PM and filed on 7/29/2020

| | |
|---|---|
| **Case Name:** | Maffick LLC v. Facebook Inc. |
| **Case Number:** | 3:20-cv-05222 |
| **Filer:** | Maffick LLC |
| **Document Number:** | 1 |

**Docket Text:**
**COMPLAINT against All Defendants ( Filing fee $ 400, receipt number 0971-14752172.). Filed byMaffick LLC. (Attachments: # (1) Civil Cover Sheet)(Stalling, Amy) (Filed on 7/29/2020)**

**3:20-cv-05222 Notice has been electronically mailed to:**

Amy Lee Stalling     astalling@troygould.com

**3:20-cv-05222 Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Maffick Complaint FINAL.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=7/29/2020] [FileNumber=17179645-0]
[2bc9f532a44dd3ef30f92c9f4000c90b8803f716809d4c7b4ab80a1745c392580056
5292d7a5afc5ac816b9ac2868dc387e4db3ddbc2928db55aaae73730bbbb]]
**Document description:**Civil Cover Sheet
**Original filename:**C:\fakepath\Maffic Civil Case Cover Sheet FINAL.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=7/29/2020] [FileNumber=17179645-1]
[9be02ba755ab70bdae592366c8558eee4fd44676e690eb3cc03c3598629634882172
c621abfaae09f92379c8019fad4172eb21d14667c8f876a782d9b062db5f]]

1  JOHN ULIN (SBN 165524)
   Email: julin@troygould.com
2  AMY STALLING (SBN 316353)
   Email: astalling@troygould.com
3  TROYGOULD PC
   1801 Century Park East, 16th Floor
4  Los Angeles, CA 90067-2367
   Telephone:    (310) 553-4441
5  Facsimile:    (310) 201-4746

6  Attorneys for Plaintiff
   MAFFICK LLC

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 | MAFFICK LLC, a Delaware limited liability | Case No.
      company,
12 |                                          | COMPLAINT FOR:
                        Plaintiff,
13 |                                          |     (1) DEFAMATION;
                 v.                                 (2) INTENTIONAL INTERFERENCE
14 |                                          |         WITH CONTRACTUAL RELATIONS;
      FACEBOOK, INC., a Delaware corporation,       (3) INTENTIONAL INTERFERENCE
15 | and Does 1-10, inclusive,                |         WITH PROSPECTIVE ECONOMIC
                                                       RELATIONS;
16 |                    Defendants.           |     (4) NEGLIGENT INTERFERENCE WITH
                                                       PROSPECTIVE ECONOMIC
17 |                                          |         RELATIONS;
                                                   (5) VIOLATION OF § 43(a) OF THE
18 |                                          |         LANHAM ACT; AND
                                                   (6) VIOLATION OF CAL. BUS. & PROF.
19 |                                          |         CODE § 17200, ET. SEQ.

20 |                                          | DEMAND FOR JURY TRIAL

21

22        Plaintiff MAFFICK LLC, a Delaware limited liability company ("Maffick"), for its

23 Complaint against Defendant FACEBOOK, INC., a Delaware corporation ("Facebook"), and Does

24 1-10, inclusive, hereby alleges as follows:

25                                **THE PARTIES**

26        1.       Maffick is a limited liability company organized under the laws of the State of

27 Delaware, with its principal place of business in Los Angeles, California.

28        2.       At all relevant times, Maffick has been a single member LLC.  Its sole

TroyGould
PC
─────────────────────────────────────────────────
                            COMPLAINT
-  0.0

member is Anissa Naouai ("Naouai"), a United States citizen living in Los Angeles.

3.      Maffick is a social media and e-commerce company that focuses on social media optimization and brand development.  It operates three social media channels on Facebook and Instagram: "In the Now," "Soapbox," and "Waste-Ed" and engages in e-commerce through one of its social media channels, which allows for direct purchases of products within Facebook and Instagram.

4.      Facebook is a corporation organized under the laws of the State of Delaware, with its principal place of business in Menlo Park, California.

5.      At all relevant times, Facebook has operated social media platforms through its Facebook and Instagram websites and applications, on which millions of users publish content and engage in commercial activities, including Maffick.

6.      The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to state their true names and capacities when they have been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named defendants were responsible in some manner for the acts and transactions alleged in this Complaint and are liable to Plaintiff therefor.

7.      Plaintiff is informed and believes, and based thereon alleges, that each defendant is, and at all relevant times herein mentioned was, the agent, servant, employee, alter-ego, instrumentality, representative, co-venturer and/or partner of one or more of the other defendants, and in doing the actions herein alleged, acted within their scope and authority and with the knowledge, consent, approval and ratification of each of the other defendants.

**JURISDICTION**

8.      Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1337.

**INTRADISTRICT ASSIGNMENT**

9.      Venue is proper in the Northern District Court of California because Facebook's terms and conditions require that suit be brought there.  Defendant Facebook's headquarters are in

**TroyGould PC**

2
COMPLAINT

- 0.0

San Mateo County, California and assignment is appropriate to the San Francisco / Oakland division pursuant to Civil Local Rule 3-2(c).

## FACTUAL BACKGROUND

10.     Maffick is a social media company that focuses on social media optimization and brand development.  It operates three social media channels on Facebook and Instagram.  Maffick also offers e-commerce merchandise for sale over its social media pages.  Its revenue is derived from monetization of media content, advertising for branded content that is promoted on its social media channels, and the re-sale of original content that is created for its channels.

11.     Maffick's channel "In the Now" is directed toward a community of mindful media consumers and is centered around important, curious and purpose-driven content.  It tells stories about social justice, everyday heroism, acts of kindness and doing good where it matters most.  Examples of recent stories include a delivery man who received a surprise gift from a customer, a man whose family was killed in a plane crash, and lessons we can learn from indigenous people about connectedness.

12.     Maffick's channel "Waste-Ed" focuses on environmental issues and sustainability, both in the content it delivers, and the companies and brands promoted on the channel.  Examples of recent stories include an eleven-year-old who recycled nearly one million cans, a trach picking action figure, and the relocation of a one-hundred-year-old tree.  Maffick also promotes the sale of environmentally conscious products.

13.     Maffick's channel "Soapbox" delivers political opinion and seeks to expose hypocrisy across the political spectrum.  Examples of recent stories include an Iraq War veteran relating his experiences, a video of Nelson Mandela responding to a reporter who was critical of him, and a finding that prison sentences are 20% longer for black men than for white men for similar crimes.

14.     Maffick's channels are intentionally non-partisan and Maffick does not seek to represent any one point of view.  Its mission statement makes clear that there are more than two sides to every story and it actively seeks to produce content that rises above any one perspective to tell stories in a neutral manner that encourages its audience to form their own opinions.  Maffick

TroyGould
PC

1   determines what content to post based on analytical data from CrownTangle and Tubular Labs

2   concerning audience preferences.

3          15.     On May 18, 2020, Facebook contacted Maffick and threatened to shut down all of

4   its social media pages by May 22, 2020, unless Maffick posted a disclosure on all of its accounts

5   stating that Maffick was "a brand of Maffick Media, which is owned and operated by Ruptly

6   GmbH, a subsidiary of RT news."

7          16.     Maffick is not owned or operated by Ruptly GmbH ("Ruptly") and is not a brand

8   of Maffick Media GmbH ("Maffick Media").  Maffick is owned and operated by Anissa Naouai.

9          17.     Ruptly is a part-owner of the inactive German entity, Maffick Media, in which Ms.

10  Naouai owned a 49% interest.  Maffick Media no longer does business of any kind.

11         18.     In July 2019, Ms. Naouai formed an entirely new entity known as Maffick LLC, a

12  Delaware company in which neither Maffick Media nor Ruptly has any involvement.  While Ms.

13  Naouai chose to continuing using the "Maffick" name for the new LLC, the company is not related

14  to or associated with Maffick Media (or Ruptly).  The social media pages at issue were created by

15  Ms. Naouai, are owned by Maffick LLC, and have been continually operated and controlled by her.

16  She has and always has had final editorial control over what she and the staff at Maffick post on

17  those pages.

18         19.     On May 19, 2020, Maffick responded to Facebook, indicating that its pages were

19  actually owned by Maffick LLC, an independent company owned and operated by a United States

20  citizen, and that complying with Facebook's demand that it disclose publicly that it was "owned

21  and operated by Ruptly GmbH, a subsidiary of RT news" would require Maffick to post inaccurate

22  information.  Facebook did not respond.

23         20.     Maffick reached out to Facebook again on May 20, 21 and 22 seeking to resolve

24  the situation without being required to post misinformation, but Facebook did not respond to any of

25  those communications either.

26         21.     On May 22, 2020, Maffick was concerned that Facebook would follow through on

27  its threat to shut down its pages completely, so as a temporary, stop-gap measure, Maffick posted

28  the phrase "Affiliated with RT" in the "About section of Soapbox's Facebook and Instagram

**TroyGould**
**PC**

4

-  0.0

accounts, because Soapbox is a channel that posts what can be considered political content. Maffick's intention was to compromise, keep its Facebook pages operating, and engage in further dialogue with Facebook, so that it would not be required to post further inaccurate information on any of its pages.  Maffick reached out again to Facebook and again received no response.

22.     On June 4, 2020, Facebook publicly announced its plan "to label media outlets that are wholly or partially under the editorial control of their government," and indicated that, "today we're starting to apply labels to those state-controlled media outlets."  Facebook explained that it would label state-controlled media entities in order "to provide an extra layer of protection against various types of foreign influence in the public debate ahead of the November 2020 election in the US."

23.     According to Facebook, its "definition of state-controlled media extends beyond just assessing financial control or ownership and includes an assessment of editorial control exerted by a government."

24.     In determining whether social media pages are under "editorial control by a foreign government," Facebook indicated it considers the following criteria:

> Mission statement, mandate, and/or public reporting on how the organization defines and accomplishes its journalistic mission

> Ownership structure such as information on owners, stakeholders, board members, management, government appointees in leadership positions, and disclosure of direct or indirect ownership by entities or individuals holding elected office

> Editorial guidelines such as transparency around sources of content and independence and diversity of sources

> Information about newsroom leadership and staff

> Sources of funding and revenue

> Governance and accountability mechanisms such as correctional policies, procedure for complaints, external assessments and oversight boards

25.     On June 5, 2020, without reaching out to Maffick beforehand, Facebook published

TroyGould
PC

- 0.0

a notice on the "Page Transparency" section of In the Now, Waste-Ed, and Soapbox, indicating that each page is "Russia state-controlled media" ("the Notice").

26.     The Notice now appears on every social media post by In the Now, Waste-Ed, and Soapbox.  It also appears on sponsored and e-commerce posts concerning the sale of merchandise over Maffick's social media pages, giving the impression that the products are connected or associated with, or originate from, the Russian government.

27.     The Notice is false.  Maffick is not controlled operationally or editorially by the Russian government or by Russian state entities or officials.

28.     The Notice immediately resulted and continues to result in negative comments from visitors to Maffick's social media pages and viewers of its posts.

29.     Maffick was and is understandably concerned about having a false statement that it is "Russia state-controlled media" published on its Facebook pages and on every post that appears on In the Now, Waste-Ed, or Soapbox, and on posts relating to materials sold on the Waste-Ed e-commerce shop.  It is also concerned about the harm to its reputation and business relationships and opportunities that the Notice is causing.

30.     As a result of these concerns, Maffick wrote to Facebook on June 30, 2020.  Maffick informed Facebook that it was owned and operated by Maffick LLC and Anissa Naouai and not by any Russian governmental entity or official.  It further detailed why none of Facebook's own criteria support the conclusion that Maffick is "Russia state-controlled media."

31.     With respect to Facebook's criteria concerning "mission statement, mandate, and/or public reporting on how the organization defines and accomplishes its journalistic mission," Maffick informed Facebook that its mission statement is laid out in the Maffick Optimization Policy ("MOP"), a commercially sensitive and confidential document that Maffick offered to share with Facebook, subject to appropriate protections against disclosure to third parties.  Maffick noted that it is a social media company, not a news outlet.  Its focus is social media optimization and brand development.  Maffick is intentionally non-partisan and does not seek to represent any one point of view.

32.     With respect to Facebook's criteria concerning "ownership structure such as information on owners, stakeholders, board members, management, government appointees in leadership positions, and disclosure of direct or indirect ownership by entities or individuals holding elected office," Maffick reiterated that it is wholly owned by Maffick LLC and that Anissa Naouai is its sole shareholder.  No Russian governmental entities or officials own any direct or indirect ownership interest in Maffick or any position in management or corporate governance. Maffick offered to provide documentation of this.

33.     As for "editorial guidelines such as transparency around sources of content and independence and diversity of sources," Maffick noted that, while it is not a news organization, it adheres to journalistic standards in publishing, with a particular emphasis on transparency around independence and diversity of sources.  Maffick fact checks to protect against disseminating misinformation and verifies original videos not only for copyright and licensing purposes, but for accountability.  In the case of conflicting reports, Maffick bases the choice to run a story on the availability of three independent collaborations.  Maffick cites both information and media sources on screen and/or in its social copy, cites all statistics and hard facts on which opinion pieces are based, and clearly identifies archival footage to avoid audience confusion as to when an event took place.  Maffick informed Facebook that all its editorial decisions are rooted in MOP, an internal company document, which contains its editorial policy and outlines its brand mission and best practices for the optimization of visual media.

34.     With regard to "information about newsroom leadership and staff," Maffick informed Facebook that it has a global production team based in Los Angeles, Berlin and Moscow and final authority on editorial matters rests with Maffick's leadership in Los Angeles, specifically Anissa Naouai and Amanda Getty.  No Russian state entities or officials have any input into editorial decisions at Maffick or any of their social media channels.

35.     Maffick informed Facebook that its "sources of funding and revenue" are monetization of media content, advertising for branded content that is promoted on its social media channels, and the re-sale of original content that is created for its channels.

36.     Finally, with respect to "governance and accountability mechanisms such as correctional policies, procedure for complaints, external assessments and oversight board," Maffick noted that it has an express policy on corrections which provides: "We acknowledge our mistakes when we make them and we're eager to learn from them.  If we get it wrong, we take it down. Period.  And we have systems in place to ensure that the chances of us getting it wrong are slim.  In the event of a harmless mistake that can't be changed immediately (like a typo in a video), we leave the post active until engagement dies down, and then we expire it. If needed we add updates to comments/descriptions to ensure we're providing the best information we have. We have not had an instance in which we're required to publish a statement, but in the event that we do, we will make it clear publicly we understand where we went wrong."

37.     While there have not been external assessments of Maffick's editorial processes or accountability procedures, Maffick noted that, in 2019, it won several awards for its excellence in digital media including "Media Agency of the Year" from Digiday, the Shorty Award for Best Overall Facebook Presence, and the Lovie Award for Best Viral Video.  Maffick's film about "fast fashion" was recently selected for the Los Angeles Fashion Film Festival and the United Nations Association Film Festival.

38.     Given that none of Facebook's own criteria for determining whether a social media provider is state-controlled media supported the conclusion that Maffick is controlled by the Russian state, which it is not, Maffick asked Facebook to remove the Notice from its pages immediately and, in any event, to respond to its June 30 letter by July 7, 2020.

39.     Facebook did not respond.  On July 8, 2020 Maffick wrote to Facebook again, asking that it immediately remove the false Russia state-controlled media designation from its pages and respond to the June 30 letter by no later than July 15, 2020.

40.     By July 14, 2020, when Facebook still had not responded to Maffick's repeated outreach, Maffick reached out again to a contact at Facebook's legal department.  Finally, on July 15, 2020, Facebook wrote to Maffick indicating that a response to the June 30 letter would be forthcoming.

**TroyGould**
**PC**

- 0.0

41.     On July 20, 2020, Facebook finally responded to Maffick's letter.  Facebook's outside counsel wrote to indicate that Facebook was not willing to take down the Notice.  Instead, Facebook proposed that Maffick resolve its dispute over the false Russia state-controlled media designation through Facebook's internal appeal process.  Facebook noted that Maffick had already initiated an appeal on June 30, 2020.  Facebook counsel's July 20 letter was the first acknowledgment Maffick had from anyone at Facebook that Maffick had even submitted an appeal.

42.     Maffick wrote back to Facebook on July 21, 2020, indicating its willingness to utilize the Facebook appeal process, if Facebook would agree to remove the Notice from Maffick's pages during the pendency of the appeal, provide Maffick with a point person with whom to communicate about the appeal, and agree to a time period within which it would complete the appeal.  Maffick expressed its concern about the efficacy of the appeal process without these protections, in light of its past experiences with Facebook's slow response or non-response, including in connection with the dispute that is the subject of this case.

43.     On July 24, 2020, Facebook's counsel wrote to reject each of Maffick's proposals, insisting instead that Maffick participate in a "black box" appeal, in which it submits documentation to Facebook without any discussion about whether the documentation is sufficient, explanation of what else might be needed, or opportunity to supplement, and wait for an indefinite period of time for any response from Facebook, which would, of course, be judging the propriety of its own decisions.

44.     Facebook knows or should know that the Notice is false and that Maffick is not operated or controlled, editorially or otherwise, by any Russian government entity or official.  At the very least, it knows that its public statement that Maffick is Russia-state controlled media is based on obsolete ownership information that requires further investigation.  Facebook's statement that Maffick is Russia state-controlled media is therefore either an intentional falsehood or has been made with reckless disregard for its truth or falsity.

45.     Maffick has provided proof to Facebook that it is not owned or controlled by the Russian government, and that it is an independent, U.S.-based company, operated and controlled by

**TroyGould**
**PC**

9

-  0.0

U.S. citizens from Los Angeles.  Nevertheless, Facebook has continued to publish the Notice on Maffick's pages.

46.     Maffick has repeatedly demanded that Facebook remove the false and defamatory language in the Notice and Facebook has failed to do so.

47.     In addition to being false, the Notice has caused and will continue to cause immediate and irreparable harm to Maffick's reputation, its ongoing business relationships, and the viability of several current business development opportunities.

48.     In the first weeks since Facebook posted the Notice, Maffick's monetization of its social media content (through advertising, e-commerce and otherwise) is down 50% from its monthly average for 2020.  Maffick's "reach," a metric that measures the number of people who encounter its social media content, is down 74% over the same time period.

## FIRST CAUSE OF ACTION

### (Libel Per Se – against all Defendants)

49.     Maffick incorporates by reference the allegations set forth in Paragraphs 1-48 above as though fully set forth herein.

50.     Facebook has falsely published to Maffick's millions of subscribers and social media visitors and to the public at large the false factual statement that Maffick is a "Russia state-controlled media" entity.

51.     The individuals who have viewed Maffick's Facebook pages and posts have reasonably understood that the statements are about Maffick, as the Notice is prominently displayed on each of its "Page Transparency" pages and above each of its individual posts.

52.     The individuals who have viewed the Notice reasonably understand the statement to mean that Maffick is under Russian government control and that it is operating with the purpose of furthering Russia's agenda, including in connection with influencing the 2020 U.S. elections.

53.     In reality, Maffick is not owned, operated, controlled, or managed by the Russian government or any Russian governmental entities or officials, but is an independent U.S. company, operated and controlled by a U.S. citizen who lives and works in Los Angeles, California.

**TroyGould PC**

54.     Facebook knows that Maffick is not a Russia state-controlled media entity and has been provided with information regarding Maffick's true nature, ownership structure and operations.

55.     Nevertheless, Facebook improperly coerced Maffick into posting a false "disclosure" that it was owned and operated by a Russian media organization, and then posted its own false Notice on each of Maffick's pages.

56.     Despite knowing the truth and knowing the harm that has been engendered by the false Notice, Facebook has refused to take the Notice down, despite numerous requests that it do so.

57.     In doing all of these actions, Facebook has acted fraudulently, with actual malice and in reckless disregard for the truth.

58.     Facebook's wrongful conduct is a substantial factor in threatening to cause and causing immediate and irreparable harm to Maffick's business relationships, opportunities and reputation.

**SECOND CAUSE OF ACTION**

**(Intentional Interference with Contractual Relations – against all Defendants)**

59.     Maffick incorporates by reference the allegations set forth in Paragraphs 1-58 above as though fully set forth herein.

60.     Maffick has existing contracts with various brands and organizations and it earns a substantial portion of its revenue by advertising and marketing through these strategic partnerships.

61.     Facebook knows about the existence of Maffick's contractual relationships.

62.     By falsely labeling Maffick as "Russia state-controlled media," Facebook has intentionally acted to induce the breach of the afore-mentioned contracts and has intentionally disrupted Maffick's contractual relationships in order to cause harm to Maffick and to prevent it from successfully operating on Facebook's platforms.

63.     As a result of Facebook's intentional interference, Maffick's partners are likely to withdraw from their contractual agreements.  In addition, Maffick's viewers have been misled to

**TroyGould PC**

11
COMPLAINT

believe that the products advertised by Maffick are somehow linked to or sponsored by the Russian government. This has caused and continues to cause financial and reputational damage to Maffick.

64.     Maffick has been harmed by Facebook's intentional interference with its contractual relations in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Relations – against all Defendants)

65.     Maffick incorporates by reference the allegations set forth in Paragraphs 1-64 above as though fully set forth herein.

66.     Maffick works with various brands and organizations and earns a substantial portion of its revenue by advertising and marketing through these strategic partnerships.

67.     In addition, Maffick has been actively expanding its paid partnerships, especially with companies producing sustainable and eco-friendly product lines, and has been developing additional branding to provide health and mindfulness content. Maffick's brand, "In the Now", has been working on programs to combat homelessness and support grass roots initiatives.

68.     Facebook knows about Maffick's prospective economic relations, and Facebook knows that by posting the false Notice on Maffick's pages, that those prospective economic relationships have been and will continue to be disrupted.

69.     Indeed, as a result of Facebook's intentional interference, Maffick's prospective partners have expressed concern about entering into economic relationships with Maffick and other potential partners have been discouraged from reaching out to Maffick in the first place. This has caused and continues to cause financial and reputational damage to Maffick, which is losing significant monetization and reach from its social media channels.

70.     Maffick has been harmed by Facebook's intentional interference with its prospective economic relations in an amount to be determined at trial.

**TroyGould**
**PC**

-  0.0

1

**FOURTH CAUSE OF ACTION**

2

**(Negligent Interference with Prospective Economic Relations – against all Defendants)**

3      71.    Maffick incorporates by reference the allegations set forth in Paragraphs 1-70 above

4   as though fully set forth herein.

5      72.    Maffick works with various brands and organizations and earns a substantial portion

6   of its revenue by advertising and marketing through these strategic partnerships.

7      73.    In addition, Maffick has been actively expanding its paid partnerships, including

8   specifically with companies producing sustainable and eco-friendly product lines, and has been

9   developing additional branding to provide health and mindfulness content.  Maffick's brand, "In

10   the Now", has been working on programs to combat homelessness and support grass roots

11   initiatives.

12      74.    Facebook knew or should have known about Maffick's prospective economic

13   relations, and Facebook knew or should have known that by posting the false Notice on Maffick's

14   pages, that those prospective economic relationships would be disrupted.

15      75.    Facebook failed to act with reasonable care and acted wrongfully by posting a false

16   Notice on Maffick's pages accusing Maffick of being "Russia state-controlled media."

17      76.    Indeed, as a result of Facebook's actions, Maffick's prospective partners have

18   expressed concern about entering into economic relationships with Maffick and other potential

19   partners have been discouraged from reaching out to Maffick in the first place.  This has caused

20   and continues to cause financial and reputational damage to Maffick, which is losing significant

21   monetization and reach from its social media channels.

22      77.    Maffick has been harmed by Facebook's negligent interference with its prospective

23   economic relations in an amount to be determined at trial.

24

**FIFTH CAUSE OF ACTION**

25

**(Violation of Section 43(a) of the Lanham Act – against all Defendants)**

26      78.    Maffick incorporates by reference the allegations set forth in Paragraphs 1-77 above

27   as though fully set forth herein.

28

**TroyGould PC**

79.     Section 43(a) of the Lanham Act prohibits commercial activities that tend to mislead the consuming public, including but not limited to false descriptions or representations of fact concerning the origin, sponsorship, or approval of services or commercial activities or misrepresentation of their nature, characteristics, qualities or geographic origins.

80.     Facebook has violated the Lanham Act by applying the false and misleading label of "Russia state-controlled media" to Maffick, in connection with the goods and services marketed by Maffick on Facebook and Instagram, and by publishing the Notice on Maffick's social media pages.

81.     Facebook's platforms are used in interstate commerce and throughout the world for the purposes of commercial advertising and promotion.

82.     By falsely labeling Maffick's pages as "Russia state-controlled media," and thereby falsely representing that Facebook's own criteria support that conclusion, Facebook is making misleading representations and descriptions of fact about the origin, sponsorship or approval of portions of its own social media platform, in violation of Section 43(a)(1)(A) of the Lanham Act. Specifically, Facebook falsely represents that certain pages that it serves are Russia state-controlled media, when that is not true, as part of an effort to promote itself as a responsible social media company, at a time when it has been under scrutiny by the press and the federal government concerning whether it has taken sufficient actions to preserve the integrity of U.S. elections from improper social media influence by foreign governments.

83.     In addition, because Facebook's falsely labeling Maffick as "Russia state-controlled media" is part of a campaign intended to promote Facebook's image as a responsible social media company, it is also violating Section 43(a)(1)(B) of the Lanham Act, which prohibits  statements "in… promotion [that] misrepresent[ ] the nature, characteristics, qualities, or geographic origin of his or her or another person's… services, or commercial activities[.]"

84.     Facebook's false and misleading labeling of Maffick has actually deceived and has the tendency to deceive a substantial segment of the public and is material in that it is likely to influence economic decisions by Maffick's existing and potential customers and business relations.

**TroyGould**
**PC**

14
COMPLAINT

-  0.0

Facebook has thus caused and threatened to cause Maffick significant reputational harm and damage to its business interests, including lost sales.

85.     Maffick has been and will continue to be damaged by Facebook's acts in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Unfair Competition – against all Defendants)

86.     Maffick incorporates by reference the allegations set forth in Paragraphs 1-85 above as though fully set forth herein.

87.     California's Unfair Competition Law at Cal. Bus. & Prof. Code 17200, *et seq.* defines unfair competition as "any unlawful, unfair or fraudulent business act or practice."

88.     Facebook has violated the Unfair Competition Law by applying the false, disparaging and misleading label of "Russia state-controlled media" to Maffick's social media pages, in connection with the goods, services and commercial activities offered by Maffick on Facebook and Instagram, and by publishing the Notice on Maffick's social media pages.

89.     Facebook's platforms are used in interstate commerce and throughout the world for the purposes of commercial advertising and promotion.  In publishing the Notice on Maffick's social media pages and each of its posts, Facebook is causing Maffick material reputational and commercial harm.

90.     Facebook's false and misleading labeling of Maffick has actually deceived and has the tendency to deceive a substantial segment of the public and is material in that it is likely to and has influenced economic decisions by Maffick's existing and potential customers and business relations.  Facebook's false Notice has negatively affected Maffick's monetization of its social media pages and their reach and threatens to cause Maffick additional irreparable harm in the future.

91.     Maffick has been and will continue to be damaged by Facebook's acts.

**WHEREFORE**, Plaintiff prays for the following relief and seeks judgment against Defendants as follows:

- 0.0

1.      For a preliminary and permanent injunction enjoining Defendants, and their officers, directors, agents, servants, employees, successors and assigns, as well as those acting under, in concert or participation with, from publishing the Notice on any of Maffick's three social media pages, or in conjunction with any posts published by In the Now, Soapbox, or Waste-Ed, indicating they are "Russia state-controlled media."

2.      For a preliminary and permanent injunction enjoining Defendants, and their officers, directors, agents, servants, employees, successors and assigns, as well as those acting under, in concert or participation with, from labeling, publishing, describing or otherwise representing to anyone that Maffick is a Russia state-controlled media organization, or that Maffick is otherwise owned, operated or controlled by the Russian government or any person or entity acting on the Russian government's behalf;

3.      For an order awarding Maffick monetary relief for all damages, according to proof, sustained by it as a result of Defendants' wrongful actions;

4.      For an order awarding Maffick equitable relief for its reputational damages suffered as a result of Defendants' wrongful actions, including but not limited to a public retraction issued by Defendants, and other such relief as the Court deems fair and just; and,

5.      For such other and further relief as the law provides.

Dated:  July 29, 2020

                                        TROYGOULD PC


                                        By:  */s/ John Ulin*_____
                                              JOHN ULIN
                                              Attorneys for Plaintiff
                                              MAFFICK LLC

1

## DEMAND FOR JURY TRIAL

2          Plaintiff Maffick LLC hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b)

3  and Civil Local Rule 3-6.

4  Dated:  July 29, 2020

                                    TROYGOULD PC
5

6
                                    By:   /s/ John Ulin
7                                         JOHN ULIN
                                          Attorneys for Plaintiff
8                                         MAFFICK LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TroyGould**
**PC**

-  0.0