1  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
2  ROSEMARIE T. RING (State Bar No. 220769)
   rose.ring@mto.com
3  MARIANNA MAO (State Bar No. 318070)
   marianna.mao@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
5  San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
6  Facsimile:    (415) 512-4077

7  DONALD B. VERRILLI, JR. (*pro hac vice* application pending)
   donald.verrilli@mto.com
8  JONATHAN KRAVIS (*pro hac vice* application pending)
   Jonathan.kravis@mto.com
9  ZOE BEDELL (*pro hac vice* application pending)
   zoe.bedell@mto.com
10 MUNGER, TOLLES & OLSON LLP
   1155 F Street, NW, 7th Floor
11 Washington, DC  20004-1361
   Telephone:    (202) 220-1100
12 Facsimile:    (202) 220-2300

13 Attorneys for Defendant
   FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MAFFICK LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>      vs.<br><br>FACEBOOK, INC., a Delaware corporation, and Does 1-10, inclusive.<br><br>            Defendants. | Case No. 3:20-cv-05222-JD<br><br>**DEFENDANT FACEBOOK, INC.'S MOTION TO STAY DISCOVERY AND CONTINUE THE TRIAL DATE**<br><br>Judge:           Hon. James Donato<br>Hearing Date:  November 19, 2020<br>Hearing Time:  10:00 AM |

### NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on November 19, 2020 at 10:00 AM,[1] or such other date and time as may be ordered, Defendant Facebook, Inc. ("Facebook") will and hereby does move to stay discovery pending the resolution of Facebook's motion to dismiss and motion to strike. Facebook also moves for a continuance of the December 14, 2020 trial date.

## I. INTRODUCTION

The expedited deadlines for discovery and trial ordered in this matter should be stayed pending the Court's ruling on Facebook's pending motion to dismiss and motion to strike. Under the current scheduling order, fact discovery is set to close on November 6, 2020, and trial is scheduled for December 14, 2020. Facebook has diligently complied with the Court's scheduling order, including by serving written discovery, requests for production, and deposition notices.

Meanwhile, Facebook's motion to dismiss and motion to strike are pending before the Court, and a decision on those motions could be dispositive. They raise, among other issues, jurisdictional questions that, if resolved in Facebook's favor, would deprive the Court of jurisdiction over this matter. As the Court itself said at the hearing on these motions, the Court "cannot act and will not act in the absence of federal jurisdiction." Declaration of Jonathan Blavin (Blavin Decl.), Ex. A (Transcript of 10/8/20 Hearing) at p. 11:5-6.

Given the serious jurisdictional and other potentially dispositive questions raised by Facebook's motions, an immediate stay of further discovery efforts and a continuance of the trial date is necessary to conserve the Court's and the parties' resources. The parties' discovery responses are due as early as next week and depositions are scheduled for every weekday in the last two weeks of October. Document productions are also expected to begin next week, and Facebook will have to sort through and review tens of thousands of documents from custodians to identify responsive documents for production. These discovery efforts may necessitate bringing motions to

---

[1] Facebook is noticing this motion for November 19, 2020, consistent with Civil Local Rule 7-2(a), but is concurrently filing a motion to shorten time for the hearing. Facebook respectfully requests that the Court grant its motion to shorten time and hold the hearing for this motion before November 19, at the Court's earliest convenience.

1  compel and other motions before the Court.  Further, with trial in a little more than 9 weeks, the

2  Court and the parties quickly will have to turn their attention and resources to pre-trial preparations.

3  As the Court well knows, preparing for trial is an all-consuming task, which would only be

4  compounded here because the preparations would run simultaneously with discovery efforts.

5      While the significant effort and cost to complete discovery and prepare for trial is an

6  expected part of litigation, such effort and expense may be unnecessary if the Court's rulings on

7  Facebook's motions are dispositive.  Facebook therefore asked Plaintiff to stipulate to a stay of

8  discovery and a continuance of the trial date, pending the Court's ruling on Facebook's motions.

9  Blavin Decl. ¶¶ 4-5.  Plaintiff declined to stipulate,[2] so Facebook now respectfully moves the Court

10 for the stay and continuance.

11 **II.     ARGUMENT**

12     **A.     A Stay of Discovery is Warranted**

13     The Court can and should exercise its discretion to stay discovery pending the resolution of

14 Facebook's motions.  Under Federal Rule of Civil Procedure 26, "[t]he Court has discretion to stay

15 discovery pending the resolution of dispositive motions, including motions to dismiss." *Cellwitch,*

16 *Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019).  "To

17 determine whether to grant a protective order to stay discovery pending resolution of dispositive

18 motions, the Court considers the following two factors: (1) whether the pending motion is

19 potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is

20 directed; and (2) whether the court can decide the pending dispositive motion absent additional

21 discovery." *Id*.  Both factors are satisfied here.

22     First, Facebook's motions raise several potentially dispositive issues.  For example,

23 Facebook argues in its motion to dismiss that Plaintiff's only federal claim under the Lanham Act

24 suffers from multiple pleading defects and that the Court should decline to exercise supplemental

---

[2] Plaintiff did state it would be willing to suspend depositions until after the Court's ruling.  Even without depositions, however, the parties would have to expend significant resources in the very near term to review and produce documents, prepare written discovery responses, and prepare for trial.

1  jurisdiction over the remaining state law claims.  If the Court were to accept this argument, the
2  entire case would be dismissed for lack of jurisdiction.  Facebook also argues in both motions that
3  Plaintiff's claim of defamation fails on its face because the allegedly defamatory statement is a
4  statement of opinion and because Plaintiff has failed to plead malice.  These arguments, if accepted,
5  would be dispositive on a core issue of this case, whether Facebook's "state controlled media
6  entity" label is actionable under the First Amendment.

7  The second factor—whether the Court can decide the pending motions absent additional
8  discovery—is clearly met here.  Neither of Facebook's motions requires the consideration of any
9  discovery.  As the Court itself noted at the hearing on these motions, the Court would not consider
10 material outside of the complaint when resolving Facebook's motion to dismiss.  Blavin Decl., Ex.
11 A at p. 26:6-7.  Moreover, consideration of discovery materials for an anti-SLAPP motion, like the
12 one pending before the Court here, runs counter to the purpose of such motions.  "The anti-SLAPP
13 statute was enacted to allow early dismissal of meritless first amendment cases aimed at chilling
14 expression through costly, time-consuming litigation."  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d
15 832, 839 (9th Cir. 2001).

16 **B.  Good Cause Exists to Continue the Trial**

17 For the same reasons that a stay of discovery is warranted, the Court should continue the
18 trial date.  A scheduling order may be modified for "good cause."  Fed. R. Civ. P. 16(b)(4).  Here,
19 good cause exists because there is a risk of wasting significant resources—both the Court's and the
20 parties'—to prepare for trial on an expedited basis.

21 The Court's ruling on the pending motions may dispose of the sole federal claim in this
22 action, in which case Plaintiff would be required to pursue its claims in California state court.  In
23 state court, the full procedural protections of the anti-SLAPP statute would apply, including the
24 automatic stay of discovery that is triggered by the filing of an anti-SLAPP motion.  Cal. Civ. Proc.
25 § 425.16(g) ("All discovery proceedings in the action shall be stayed upon the filing of a notice of
26 motion made pursuant to this section."); *see Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir.
27 2003) (California anti-SLAPP statute creates a "substantive immunity from suit").  Thus, if the
28

-3-   Case No. 3:20-cv-05222-JD
DEFENDANT FACEBOOK, INC.'S MOTION TO STAY DISCOVERY AND CONTINUE TRIAL

1  Court does not stay discovery and continue the trial date pending its resolution of federal
2  jurisdiction, the substantial expenses that Facebook would incur are likely to be prejudicial to it.
3        To prepare for a December 14, 2020 trial date, the parties will have to prepare pre-trial
4  materials in short order, including motions in limine, exhibit lists, witness lists, jury instructions,
5  and pretrial statements.  These materials are currently due in a little over six weeks, which means
6  the parties will incur significant expense over the following weeks, absent a continuance of the trial.
7  This expense will be compounded as the parties would also have to continue their discovery efforts
8  at the same time.
9        Given the significant jurisdictional and other dispositive issues raised in Facebook's
10 motions, Facebook respectfully submits that the most prudent course here is to continue the trial
11 date and set a new date, if necessary, after the Court issues a ruling on the motions.

## III.  CONCLUSION

Facebook's motion to stay discovery and continue the trial date should be granted, pending the Court's rulings on Facebook's motion to dismiss and motion to strike.

DATED:  October 9, 2020           MUNGER, TOLLES & OLSON LLP

By:  */s/ Jonathan H. Blavin*
     JONATHAN H. BLAVIN
Attorneys for Facebook, Inc.