JOHN C. ULIN (SBN 165524)
Email: julin@troygould.com
AMY NASHON STALLING (SBN 316353)
Email: astalling@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone: (310) 553-4441
Facsimile: (310) 201-4746

Attorneys for Plaintiff
MAFFICK LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAFFICK LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-05222-JD<br><br>PLAINTIFF MAFFICK, LLC'S OPPOSITION TO FACEBOOK'S MOTION TO STAY DISCOVERY AND CONTINUE THE TRIAL DATE<br><br>Assigned to: Hon. James Donato<br><br>Hearing Date: November 19, 2020<br>Time: 10:00 a.m. |

Plaintiff Maffick LLC ("Maffick") respectfully submits this opposition to the motion by Facebook, Inc. ("Facebook") to stay discovery and to continue the trial date in this matter.

## I. BACKGROUND

This case raises issues of critical importance to Maffick. As the Court is aware, Facebook attaches a label that falsely identifies Maffick as "Russia State-Controlled Media" (the "Notice") every day to every post on all three of Maffick's social media pages – "In the Now," Soapbox," and "Waste-Ed." In connection with its TRO application, Maffick presented evidence to this Court demonstrating that the monetization of its social media pages dropped roughly 85% and its reach (*i.e.*, the number of views of its social media content) dropped over 70% in the first month after Facebook began regularly publishing the Notice.

Facebook's false Notice is not the first time it targeted Maffick with false assertions about it being editorially controlled by the Russian government. Earlier this year, Facebook threatened to shut down all of Maffick's social media pages (and Anissa Naouai's personal page) within four days, unless Maffick posted a statement that it was a "brand of Maffick Media, which is owned and operated by Ruptly GmbH, a subsidiary of RT news." Maffick is not a brand of Maffick Media, which is a defunct German company that no longer does business of any kind, and is not owned or operated by either Ruptly or RT. Maffick repeatedly attempted to contact Facebook to inform them that posting the requested language would require them to publish misinformation, but Facebook never responded. Ultimately, Maffick posted the phrase "Affiliated with RT" in the "About" section of "Soapbox"'s Facebook and Instagram accounts, as a temporary stop-gap measure so that Facebook would not carry out its threat to shut down all of Maffick's pages. It did not make a similar posting on its other channels, "In the Now" (which has the overwhelming majority of Maffick's social media followers) or "Waste-Ed." Roughly two weeks later, before Maffick could take further action to clarify that is not owned or controlled, editorially or otherwise, by any Russian state entity or official, Facebook began publishing the Notice.

Maffick brought this case because its efforts to demonstrate to Facebook that it is an independent editorial operation and not "Russia State-Controlled Media" have fallen on deaf ears and because the Notice has had devastating effects on it business. Maffick sought a neutral arbiter and a prompt decision, confident that, given the opportunity to present a full factual record at trial, the jury will find that Maffick is not editorially controlled by the Russian government and that the Notice is false and should be taken down. This Court's decision to set an early trial date in this matter facilitated the rapid resolution that Maffick seeks.

## II. <u>ARGUMENT</u>

Facebook's motion to stay discovery and continue the trial date delays progress in the litigation and ultimately the resolution of Maffick's claims. To the extent Facebook premises its motion on the arguments raised in its pending motions to strike and dismiss – *i.e.*, that the Notice is a non-verifiable statement of opinion; that the Notice is not commercial speech and therefore cannot support a Lanham Act claim; that Maffick is obligated to plead actual malice and has not sufficiently done so; or that Maffick's tortious interference claims are insufficient – those arguments provide no basis for the requested stay or continuance. The Court did not focus its questioning on those arguments at the hearing on Facebook's motions and, as Maffick argued in its opposition to Facebook's motions, those arguments are either meritless or require discovery and the presentation of a full factual record before they can be resolved on the merits. Accordingly, Facebook's motion should be denied to the extent it is based on the arguments it raised in its motions.

Maffick recognizes that the Court *sua sponte* raised questions about whether Maffick had pled the elements of its claims under Sections 43(a)(1)(A) and (a)(1)(B) of the Lanham Act. As Maffick explained at the hearing, its allegations satisfy the elements of both claims. With respect to Section 43(a)(1)(A), by stating to the public that Maffick is "Russia state-controlled media," which Facebook says means that Maffick is under the editorial control of the Russian government, Facebook made a false representation of fact. Facebook also falsely represented that the Facebook criteria support the conclusion that Maffick is "Russia state-controlled media," when they actually point to the opposite conclusion. Facebook's false factual representations are likely to cause

confusion about the origin or sponsorship of aspects of Facebook's social media service. They are likely to create confusion about whether pages Facebook publishes on its social media platform originate with, or are sponsored or approved by, the Russian government. That constitutes an actionable claim under Section 43(a)(1)(A).

Similarly, by falsely labeling Maffick as "Russia state-controlled media" as part of a promotional campaign intended to promote Facebook's image as a responsible social media company that is addressing its users and advertisers' concerns over election interference, Facebook also violates Section 43(a)(1)(B) of the Lanham Act, which prohibits statements "in… promotion [that] misrepresent[ ] the nature, characteristics, qualities, or geographic origin of his or her or another person's… commercial activities[.]". 15 U.S.C. § 1125(a)(1)(B).

Maffick's Section 43(a) claim also falls within the broad ambit of unfair competition prohibited by the statute. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 570 U.S. 118, 131 (2014) (noting that the Lanham Act provides that one of its purposes is "to protect persons engaged in… commerce against unfair competition") (quoting 15 U.S.C. §1127). In *Lexmark*, the Court held that to come within the zone of interests for a claim under Section 43(a), "a plaintiff must allege an injury to a commercial interest in reputation or sales, 579 U.S. at 131-32. Those are precisely the injuries that Maffick alleges it suffered as a result of Facebook's false representations about the origin of certain social media pages it publishes on its platform and Maffick's Lanham Act claim is therefore actionable. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31-32 (2003) (Section 43(a) prohibits misrepresentations of the origin of goods or services, meaning their "source" or "producer," that "deceive consumers" or "impair a [plaintiff's] goodwill"); *accord Fish Kiss LLC v. North Star Creations, LLC*, 2018 WL 3831335 (D.N.J. Aug. 13, 2018) (false assertion that defendant's products were "Made in USA" was actionable unfair competition under Section 43(a)).

Nevertheless, Maffick recognizes that the Court raised the issue of whether Maffick pled the elements of a Lanham Act claim because the Court had concerns about subject matter jurisdiction that it would need to resolve before addressing the merits of any other issue in this case. For those reasons, when Facebook approached Maffick about filing a motion to continue the

trial and stay discovery, Maffick agreed to compromise by suspending all deposition practice until after the Court ruled on Facebook's motion to dismiss and special motion to strike and also indicated its willingness to be flexible about the trial date once the Court had ruled. Maffick's paramount concern has always been presenting a complete record to the jury as soon as practicable, so that its claims can be deliberated and adjudicated on their merits. Maffick's belief was that by continuing with written discovery and document exchange, the parties could move the case forward while awaiting the Court's ruling. If the Court determines that it will exercise jurisdiction over the case, Maffick's position is that the parties should negotiate a reasonable schedule to complete fact and expert discovery and address the feasibility of the December trial date after the Court has ruled and clarified the issues on which the case will proceed.

Facebook's motion simply presumes too much. Before the Court rules on its jurisdictional inquiry or any of the issues that Facebook raised in its motions, the parties should be moving this matter forward toward a resolution on the merits. Maffick made a reasonable proposal that recognizes the significance of the Court's jurisdictional questions and addresses the burdens of discovery, while simultaneously not assuming the outcome of issues the Court has not yet decided. Toward that end, Maffick responded substantively to Facebook's written discovery – both interrogatories and requests for production – last week. Facebook, for its part, responded to Maffick's discovery solely with objections on the basis that it should not have to respond because it presumes it will prevail on its pending motions. Maffick respectfully submits that Facebook's position puts the cart before the horse and interferes with progress in a case that should be litigated on a timetable that enables Maffick to obtain timely relief on a dispute that threatens the core of its business – its reputation, the reach and monetization of its social media pages, and the ability to market products through e-commerce.

The Court should not stay discovery or continue the trial date at this point. Maffick has already agreed to relief that address Facebook's concerns on both those issues. Instead, the Court should deny Facebook's motion, recognizing that the parties have agreed to suspend deposition practice until after the pending motions are decided, and the Court should address the trial date after it decides the motions.

## III. CONCLUSION

For all these reasons, Facebook's motion to stay discovery and continue the trial date should be denied.

Dated: October 19, 2020

TROYGOULD PC

By: */s/ John C. Ulin*
John C. Ulin
Attorneys for Plaintiff
MAFFICK LLC